# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 20 2015, 6:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Zachary A. Witte
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Elyse S. Barnfield,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 20, 2015<br><br>Court of Appeals Case No.<br>02A03-1409-CR-330<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Cause Nos. 02D05-1402-FD-154, 02D06-1404-FD-367, 02D05-1404-FD-380 |

**Mathias, Judge.**

[1] Elyse S. Barnfield ("Barnfield") pleaded guilty in Allen Superior Court to Class D felony resisting law enforcement using a motor vehicle, two counts of Class D felony possession of a controlled substance, two count of Class D felony

possession of cocaine, Class B misdemeanor false informing, and Class B misdemeanor failure to stop after an accident resulting in property damage. The trial court sentenced Barnfield to an aggregate term of six years incarceration. Barnfield appeals and argues that her sentence is inappropriate in light of the nature of the offenses and the character of the offender.

[2]     We affirm.

## Facts and Procedural History

[3]     On December 22, 2013, Barnfield, who was on parole for a previous conviction, was driving a car in Allen County when she was pulled over by a police officer for having an inoperable taillight. When the officer asked for Barnfield's driver's license, she stated that she did not have it with her and gave a false name. She also falsely stated she was driving her uncle's car and could not locate the registration. When asked to step out of the car, Barnfield instead drove away at a high rate of speed, instigating a high-speed chase by the police. Barnfield eventually crashed into a fence and ran away from the scene. The passenger in the car informed the police of Barnfield's true identity. Barnfield was later apprehended and charged under Cause No. 02D05-1402-FD-154 ("Cause No. FD-154") with Class D felony resisting law enforcement using a motor vehicle, Class B misdemeanor false informing, and Class B misdemeanor failure to stop after an accident resulting in property damage.

[4]     On March 28, 1014, while she was out on bond in Cause No. FD-154, Barnfield was again pulled over by the police. Barnfield admitted to the officer

that she did not have a valid driver's license. During an inventory search of the car Barnfield was driving, the police discovered a pill bottle containing several controlled substances for which Barnfield did not possess a valid prescription. The police also found a glass container with cocaine residue. As a result, the State charged Barnfield under Cause No. 02D06-1404-FD-367 ("Cause No. FD-367") with two counts of Class D felony possession of a controlled substance and one count of Class D felony possession of cocaine.

[5] Three days later, on March 31, 2014, Barnfield was in the Allen County jail when the jailers patted her down in preparation for her court appearance. During the pat-down, the jailers discovered a rock of cocaine in the pocket of Barnfield's jail uniform. Barnfield was then charged under Cause No. 02D05-1404-FD-380 ("Cause No. FD-380") with Class D felony possession of cocaine.

[6] On April 21, 2014, Barnfield pleaded guilty as charged in all three causes. The trial court took the plea under advisement and accepted Barnfield into the drug court treatment program. Barnfield failed to appear for a compliance hearing on July 7, 2014, and a warrant was issued for her arrest. Barnfield was subsequently terminated from the drug court program.

[7] A combined sentencing hearing held on August 27, 2014, at which the trial court sentenced Barnfield as follows: in Cause No. FD-154—two years on the Class D felony conviction and 180 days on the Class B misdemeanor convictions, to be served concurrently; in Cause No. FD-367—two years on all three Class D felony convictions, to be served concurrently; and in Cause FD-

380—two years on the Class D felony conviction. The trial court ordered the concurrent sentences in each cause to be served consecutively, for an aggregate term of six years. Barnfield now appeals.

## Discussion and Decision

[8] On appeal, Barnfield claims that her aggregate sentence is inappropriate and requests that we revise her sentence to one and one-half years on each Class D felony conviction and also that we order the sentences in Cause FD-367 and Cause FD-380 to be served concurrently, for an aggregate term of three years.

[9] Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence otherwise authorized by statute if "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In our review of sentences under this rule, appellate courts must exercise deference to the trial court's sentencing decision, both because Rule 7(B) requires us to give "due consideration" to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Williams v. State*, 997 N.E.2d 1154, 1165 (Ind. Ct. App. 2013) (citing *Trainor v. State,* 950 N.E.2d 352, 355 (Ind. Ct. App. 2011)).

[10] Although we have the power to review and revise sentences, the principal role of our review should be to attempt to level the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result

in each case. *Fernbach v. State,* 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied* (citing *Cardwell v. State,* 895 N.E.2d 1219, 1225 (Ind. 2008)). Our review under Appellate Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees-consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Williams,* 997 N.E.2d at 1165.

[11]  It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Id.* (citing *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006)). This is a burden that Barnfield has failed to carry.

[12]  The nature of Barnfield's crimes does not suggest that her sentence is inappropriate. Barnfield, who was on parole from a prior conviction, fled from the police in a high-speed chase, crashed her vehicle into a fence, and then fled the scene, leaving her passenger behind. When Barnfield was out on bond from that charge, she was found in possession of numerous controlled substances and cocaine. Only three days later, Barnfield was again found in possession of cocaine while in jail.

[13]  Consideration of Barnfield's character, as evidenced by her criminal history, lends further support to the conclusion that her sentence is not inappropriate. Barnfield was only twenty-seven years old at the time of her crimes and twenty-eight years old at the time of sentencing, yet she had accumulated a significant history of criminal and delinquent behavior. As a juvenile, Barnfield failed to

successfully complete probation. As an adult, Barnfield had accumulated prior misdemeanor convictions for false informing and driving without a license and five prior felony convictions, four for possession of illicit drugs and one for receiving stolen property. In her prior felony convictions, Barnfield was twice put on probation only to have her probation revoked. She was also twice put on home detention, only to have that placement revoked. Barnfield was out on parole when she committed the first of the instant offenses, was out on bond when she committed the second, and was in jail when she committed the third. None of this reflects well on Barnfield's character. Barnfield is a recidivist substance abuser[1] who has proved unable to conforming her behavior to the dictates of the law.

[14] After giving due consideration to the trial court's sentencing decision, we conclude that Barnfield's aggregate six-year sentence is not inappropriate in light of the nature of the offenses and the character of the offender.

[15] Affirmed.

May, J., and Robb, J., concur.

---

[1] Barnfield claims that much of her criminal behavior is due to her substance abuse problem, but this does not necessarily weigh in favor of a more lenient sentence. *See Hape v. State*, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009) (trial court did not err in failing to consider defendant's substance abuse as a mitigating factor); *Bennett v. State*, 787 N.E.2d 938, 948 (Ind. Ct. App. 2003) (holding that the defendant's alcoholism could properly have been considered an aggravating circumstance); *Iddings v. State*, 772 N.E.2d 1006, 1018 (Ind. Ct. App. 2002) ("a history of substance abuse is sometimes found by trial courts to be an aggravator, not a mitigator").